IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **CURTIS LEE BELL,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:12-CV-44 (JRG) |
| | § | |
| **JOSEPH DEWAYNE SEPULVADO, et al.,** | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Joseph Dewayne Sepulvado and Perforex Forest Service, L.P.'s ("Defendants") Motion to Transfer Venue (Dkt. No. 5). Defendants request an intra-district transfer from the Marshall Division to the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). After careful consideration of the parties' written submissions, the motion is **DENIED** for the reasons set forth herein.

**I. Background**

On January 12, 2012, Plaintiff Curtis Lee Bell ("Bell") filed suit against Defendants claiming tort damages in relation to an automobile collision that occurred on Texas Highway 294 in Cherokee County, Texas. In the present motion, Defendants seeks to transfer venue to the Tyler Division under 28 U.S.C. § 1404(a) on the grounds that the Tyler Division is clearly more convenient for the parties and witnesses than the Marshall Division.

**II. Legal Standard**

Change of venue is governed by 28 U.S.C § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any

1

civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). But a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

A threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. *Id.* In making the convenience determination, the Fifth Circuit considers several "private" and "public" interest factors, none of which are given dispositive weight. *Id.* The "private" interest factors include: "(1) the cost of attendance for willing witnesses; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process to secure the attendance of witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

Finally, the Court is allowed greater deference when considering intra-district transfers. *Madden v. City of Will Point,* 2:09-cv-250-TJW, 2009 U.S. Dist. LEXIS 116682, at *7 (E.D. Tex. Dec. 15, 2009). The Federal Rules of Civil Procedure allow significant discretion to district courts in deciding the place of trial, so long as it is within the same district, even without the consent of the parties. *Morrow v. Washington,* No. 2:08-cv-288-TJW, 2008 U.S. Dist. LEXIS 100225, at *6 (E.D. Tex. Dec. 11, 2008) (citing Fed. R. Civ. P. 77(b)). Therefore, courts in this district view 1404(a) motions for intra-district change of venue with more caution. *Rios v. Scott,* No. 1:02-cv-136, 2002 U.S. Dist. LEXIS 28176, at *2 (E.D. Tex. July 26, 2002).

### III. Discussion

The court has balanced all of the relevant factors. The Court finds that the Tyler Division is not clearly more convenient than the Marshall Division. Therefore, the court **DENIES** the Defendants' Motion to Transfer Venue.

**So ORDERED and SIGNED this 18th day of March, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE